UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRANCE SMITHERMAN,

    Plaintiff,

v.   Case No: 2:23-cv-1185-JES-NPM

JOSHUA QUAINTANCE, Sergeant,
ELIJAH COOK, Special Agent,
JAMES BATES, Detective, and
CHRISTOPHER RODRIGUEZ,
Detective,

    Defendants.

---

**OPINION AND ORDER**

This matter comes before the Court on review of defendants' Motion to Dismiss (Doc. #25) filed on May 29, 2024. Plaintiff filed a Reply (Response) to Defendant's Motion (Doc. #35) on July 30, 2024, and defendants filed a Reply (Doc. #39) on August 22, 2024.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations

must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

A pleading drafted by a party proceeding unrepresented (*pro se*) is held to a less stringent standard than one drafted by an

attorney, and the Court will construe the documents filed as a complaint and amended complaint liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). Although *pro se* complaints are construed liberally, the Court nevertheless requires that *pro se* litigants adhere to the same governing rules and procedures as litigants represented by attorneys. See Albra v. Advan, Inc., 490 F.3d 826, 829 (11th Cir. 2007) (citing Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).

**II.**

Accepting the facts in the Complaint, plaintiff alleges as follows: On April 18, 2018, United States Customs Agent Mazur intercepted a package at the Chicago International Airport addressed to plaintiff in Fort Myers (Duquesne Drive). The package contained MDMA. A second agent contacted Special Agent Cook of Homeland Security in Fort Myers. Cook had the package sent to him and then contacted Sergeant Quaintance of the Intelligence and Gang Unit at the Lee County Sheriff's Office. A briefing was held with Special Agent Cook, Sgt. Quaintance, and Detective Bates in attendance. They decided to conduct a controlled delivery to plaintiff with a tracking device inside the box. A postal inspector delivered the package to plaintiff. A woman answered the door, confirmed that plaintiff lived at the address, and accepted delivery of the package. Using a drone, they observed plaintiff leaving with the unopened package. Plaintiff drove to

his home where he had been house-sitting for a few months and opened the package (Cal Cove Drive). Plaintiff was arrested in his open garage. Defendant obtained a warrant to search the house and narcotics were seized.

The State of Florida charged plaintiff with trafficking phenethylamines (400 grams or more in the box) and with trafficking phenethylamines (10 grams or more), possession of a controlled substance (oxymetholone), and possession of marijuana (less than 20 grams) found at the Cal Cove home where plaintiff was arrested. State v. Smitherman, 18-CF-015947, 2019 WL 13175091, at *1 (Fla. Cir. Ct.).

Plaintiff moved to suppress the evidence found at the Cal Cove home. The motion was denied, and the case was set for trial. Plaintiff was found guilty on all counts and sentenced. Plaintiff appealed the denial of the motion to suppress as to the contraband found at the Cal Cove home, and the Second District of Appeals agreed. On March 11, 2022, the convictions for Counts two through four were reversed. See Smitherman v. State, 342 So. 3d 685 (Fla. 2d DCA 2022). Plaintiff states that his claims are not barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) because his convictions were not invalidated until March 11, 2022.

Plaintiff presents 10 claims, with the first four counts (Counts 1-4) alleging unlawful entry, search, and seizure by all defendants because they lacked probable cause. In Count 5,

4

plaintiff alleges that Sgt. Quaintance worked in a supervisory capacity and personally participated in the acts alleged in Counts 1-4.  Count 6 alleges that all defendants conspired to deprive plaintiff of his Fourth Amendment rights at the Cal Cove home.  Counts 7 and 8 allege false arrest and false imprisonment at the Cal Cove home by James Bates and Chris Rodriguez.  Count 9 alleges malicious prosecution against all defendants for the overturned criminal counts.  Count 10 alleges intentional infliction of emotional distress in violation of his Eighth Amendment right when they arrested him without probable cause.

### III.

Defendants seek dismissal because nine of the ten claims are time barred and the tenth claim fails to state a claim for malicious prosecution.  Alternatively, defendants argue that the Complaint is a shotgun pleading and should be dismissed without prejudice.  The alternative argument is rejected as plaintiff has clearly set forth his counts in separate paragraphs followed by a summary of facts and an accounting of what occurred on appeal of his own criminal case.

**A. Statute of Limitations**

"Section 1983 provides a cause of action based on 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" Villalona v. Holiday Inn Express & Suites, 824 F. App'x 942, 945 (11th Cir. 2020) (quoting 42 U.S.C.

5

§ 1983). A claim under § 1983 is "governed by the statute of limitations for personal injury actions in the state in which the cause of action arose" and "claims that originated in Florida, the statute of limitations period is four years. Id. at 946 (citing Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003)).

> Applying federal law to the issue of accrual, the statute of limitations begins to run when "the plaintiff has a complete and present cause of action" and "can file suit and obtain relief." Wallace v. Kato, 549 U.S. 384, 388 (2007) (citations and quotation marks omitted). In Section 1983 cases, "'the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" Calhoun v. Alabama Alcoholic Beverage Control Board, 705 F.2d 422, 425 (11th Cir. 1983) (quoting Reeb v. Economic Opportunity Atlanta, Inc., 516 F.2d 924, 930 (5th Cir. 1975)). Thus Section 1983 actions do not accrue until the plaintiff knows or has reason to know that he has been injured. Calhoun, 705 F.2d at 424; Rubin [v. O'Koren, 621 F.2d 114, 116 (5th Cir. 1980)]; Lavellee [v. Listi, 611 F.2d 1129, 1131 (5th Cir. 1980)]. Nor will a Section 1983 action accrue until the plaintiff is aware or should have been aware who has inflicted the injury. Lavellee, 611 F.2d at 1131 (quoting United States v. Kubrick, 444 U.S. 111 (1979)).

Mullinax v. McElhenney, 817 F.2d 711, 716 (11th Cir. 1987). In other words, "[t]his rule requires a court first to identify the alleged injuries, and then to determine when plaintiffs could have sued for them." Rozar v. Mullis, 85 F.3d 556, 562 (11th Cir. 1996) (citation omitted).

### 1. Counts One through Five

Counts One through Five do not specify the "home", whether at Duquesne Drive or Cal Cove. The Court will consider the counts as to each property. Counts One through Five allege unlawful entry, search, and seizure without probable cause and/or with a defective warrant lacking arguable probable cause. All are based on the Fourth Amendment and require the same review. Defendants argue that any seizure was pursuant to legal process and supported by probable cause, and at the very least arguable probable cause entitling deputies to qualified immunity.

To the extent the Count is directed to the Duquesne Drive home, the claim is not supported by the facts and is time-barred. Plaintiff alleges that a woman answered the door, confirmed that plaintiff was a resident, and she accepted delivery. Defendants did not enter the residence. Even if there was an entry, the action was complete on the day in April 2018, and the Complaint was not filed until December 2023. Therefore, Counts One through Five are barred as to Duquesne Drive.

As the Cal Cove home, defendants arrested plaintiff in his garage without a warrant because he was holding the open package with the tracking device. Defendants obtained a warrant to search the home and seized additional narcotics and personal property in the home in 2018. On appeal, the warrant was found to be invalid, and the conviction was overturned in 2022 as to the Cal Cove seized

7

evidence. Counts One through Five are directed to the unlawful entry, search of the home, and seizure of property.

To determine if Heck applies to bar a claim, "the court must look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." Hughes v. Lott, 350 F.3d 1157, 1161 n.2 (11th Cir. 2003). Defendant was charged with trafficking of drugs found in the home. On appeal, the Second District Court of Appeals found that "[a] reasonably trained law enforcement officer would have known that the affidavit in this case failed to establish probable cause for the search, so the good-faith exception does not apply. Accordingly, because the sworn application for the warrant to search the Cal Cove home failed to demonstrate probable cause therefor, we reverse Smitherman's convictions related to the fruits of that search (counts two, three, and four)." Smitherman, 342 So. 3d at 690. In Heck, the U.S. Supreme Court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983." Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Because defendant' conviction on the counts related to

8

the Cal Cove home were reversed, plaintiff's claims for unlawful entry, search, and seizure are not time-barred.

"To receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause. [] Arguable probable cause exists where 'reasonable officers in the same circumstances and possessing the same knowledge as the Defendants could have believed that probable cause existed to arrest Plaintiff.'" Brown v. City of Huntsville, Ala., 608 F.3d 724, 734-35 (11th Cir. 2010) (internal citations omitted). The Court finds that the state appellate court specifically found a reasonable officer would not have found probable cause for the search. Therefore, the issue of qualified immunity is premature at this stage.

### 2. Count Six

In Count 6, plaintiff alleges that defendants conspired to deprive him of his Fourth Amendment rights for the unlawful entry, seizure, and search of the Cal Cove home without arguable probable cause. Defendants argue that the claim is time-barred.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying constitutional right…. The conspiratorial acts must impinge upon the federal right; the plaintiff must prove an actionable wrong to support the

9

conspiracy." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010) (citations omitted).

Any alleged conspiracy to violate plaintiff's rights would have been complete by the date of arrest in 2018. The overturned conviction based on the invalid search warrant would have no bearing on this claim. Therefore, the claim would be time-barred.

### 3. Counts Seven and Eight

Plaintiff alleges false arrest without arguable probable cause when he was arrested at the Cal Cove home and false imprisonment without probable cause when he was placed in jail based on evidence derived from his Cal Cove home, specific to James Bates and Chris Rodriguez.

"Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends." Wallace v. Kato, 549 U.S. 384, 389 (2007) (citation omitted). False arrest damages continue "up until issuance of process or arraignment, but not more." Id. at 390. For false imprisonment, the statute of limitations begins to run from when legal process was initiated not after charges are dropped. Id. Thereafter, wrongful detention forms part of a malicious prosecution case. Id.

Since the warrantless arrest, arraignment, and the start of legal process ended more than 4 years ago, both counts are time-barred.

#### 4. Count 10

In Count 10, plaintiff alleges that defendants deprived him of his right to be free from intentional infliction of emotional distress by placing him in handcuffs and arresting him at the Cal Come home without arguable probable cause.

"To state a valid claim for intentional infliction of emotional distress under Florida law, a plaintiff must plausibly allege the following elements: '(1) the defendant's conduct was intentional or reckless; (2) the conduct was outrageous, beyond all bounds of decency, and odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.'" Plowright v. Miami Dade Cnty., 102 F.4th 1358, 1367-68 (11th Cir. 2024) (quoting Moore v. Pederson, 806 F.3d 1036, 1053 (11th Cir. 2015)). "[L]iability for intentional infliction of emotional distress attaches "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 1368 (citation omitted).

There are no allegations of intentional or reckless behavior, outrageous conduct, or of specified emotional distress. To the extent that plaintiff is making an Eighth Amendment cruel and unusual punishment claim, the Amendment does not apply to an arrestee or pretrial detainee. The Fourteenth Amendment does apply

11

but plaintiff has not alleged gross negligence or deliberate indifference. Cottrell v. Caldwell, 85 F.3d 1480, 1490 (11th Cir. 1996).

The fact that a search warrant proved later to be improper does not rise to the requisite level of outrageousness required and there is a failure to state a claim. In any event, the conduct at issue would have occurred more than 4 years ago. Therefore, this claim is time-barred.

**B. Failure to State a Claim**

In Count 9, plaintiff asserts that defendants violated his Fourth Amendment right through malicious prosecution on the Cal Cove home counts without arguable probable cause. Defendants argue that plaintiff has failed to state a claim because he was not seized pursuant to legal process and the issuance and execution of a search warrant is not a judicial proceeding. Defendants are correct.

"Malicious prosecution is a violation of the Fourth Amendment and is a viable constitutional tort cognizable under § 1983. [] A § 1983 claim for malicious prosecution requires the plaintiff to show both the elements of the common law tort of malicious prosecution and an unreasonable seizure in violation of the Fourth Amendment." Smith v. Mitchell, 856 F. App'x 248, 249 (11th Cir. 2021) (internal citations omitted). "As to the first prong, the constituent elements of the common law tort of malicious

12

prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused…. As to the second prong, it is well established that an arrest without probable cause is an unreasonable seizure that violates the Fourth Amendment." Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010). A malicious prosecution claim is based on "damages for confinement imposed pursuant to legal process." Carter v. Gore, 557 F. App'x 904, 906 (11th Cir. 2014).

"To prevail on a Florida malicious prosecution claim, plaintiff must establish the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." Ermini v. Scott, 249 F. Supp. 3d 1253, 1277 (M.D. Fla. 2017).

13

It is undisputed that plaintiff was arrested without a warrant when he opened the box at the Cal Cove home containing a tracking device. It is also undisputed that the arrest was valid, and the conviction was not overturned as to the box.

> [T]he presence of probable cause defeats a claim of malicious prosecution. A plaintiff cannot recover for malicious prosecution unless she proves "a violation of her Fourth Amendment right to be free from unreasonable seizures." Kingsland [v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004)]. But the illegal seizure cannot be just any seizure: unlike the torts of false arrest and false imprisonment, the tort of malicious prosecution requires a seizure "pursuant to legal process." Heck v. Humphrey, 512 U.S. 477, 484 (1994). Legal process includes an arrest warrant. See Whiting v. Traylor, 85 F.3d 581, 585 (11th Cir. 1996). A police officer who applies for an arrest warrant can be liable for malicious prosecution if he should have known that his application "failed to establish probable cause," Kelly v. Curtis, 21 F.3d 1544, 1553 (11th Cir. 1994) (quoting Malley v. Briggs, 475 U.S. 335, 345 (1986)), or if he made statements or omissions in his application that were material and "perjurious or recklessly false," id. at 1554 (citing Franks v. Delaware, 438 U.S. 154, 156 (1978)). Concomitantly, a police officer cannot be liable for malicious prosecution if the arrest warrant was supported by probable cause. See Wood [v. Kesler, 323 F.3d 872, 882 (11th Cir. 2003)].

Black v. Wigington, 811 F.3d 1259, 1267 (11th Cir. 2016). Because the *arrest* warrant was supported by probable cause, plaintiff cannot state a claim for malicious prosecution. Plaintiff's reliance on the invalid *search* warrant is misplaced because it is

14

not legal process. The "exclusionary rule is not a 'personal constitution right' or a requirement of the Fourth Amendment; it is a 'judicially created remedy' that is meant to prevent violations of the Fourth Amendment 'through its deterrent effect.'" Id. (citing United States v. Calandra, 414 U.S. 338, 347-48 (1974)). The motion to dismiss this count for failure to state a claim will be granted.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #25) is **GRANTED IN PART AND DENIED IN PART.** Counts 1 through 5 as to the Duquesne Drive home, Counts 6 through 8, and Count 10 are dismissed with prejudice as time-barred and Count 9 is dismissed without prejudice for failure to state a claim. The motion is denied as to Counts 1 through 5 as to the Cal Cove home.

**DONE AND ORDERED** at Fort Myers, Florida, this __29th__ day of August 2024.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record