```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

TERRANCE SMITHERMAN,

    Plaintiff,

v.                            Case No: 2:23-cv-1185-JES-NPM

JOSHUA QUAINTANCE,
Sergeant, ELIJAH COOK,
Special Agent, JAMES BATES,
Detective, and CHRISTOPHER
RODRIGUEZ, Detective,

    Defendants.

_____

**OPINION AND ORDER**

This matter now comes before the Court on Defendants Joshua Quaintance, James Bates, and Christopher Rodriguez ("Defendants")' Motion for Reconsideration (Doc. #41) filed on October 28, 2024. At the same time, Defendants filed a Request for Oral Argument (Doc. #42) on their motion. For the reasons given below, their motion and request for oral argument are **DENIED**.

**I.**

Plaintiff Terrance Smitherman ("Smitherman") was convicted by the State of Florida on four counts for drug related offenses: trafficking phenethylamines (400 grams or more) (Criminal Count I); trafficking phenethylamines (10 grams or more) (Criminal Count II); possession of a controlled substance (oxymetholone) (Criminal Count III); and possession of marijuana (less than 20 grams)

(Criminal Count IV). See State v. Smitherman, No. 18-CF-015947, 2019 WL 13175091, at *1 (Fla. 20th Cir. Ct. June 18, 2019). The Second District Court of Appeal of Florida overturned his conviction on three of those counts after determining that Defendants had conducted an unlawful search at the Cal Cove Drive home where Smitherman had been house-sitting for a few months (the "Cal Cove home"). Smitherman v. State, 342 So. 3d 685, 690 (Fla. 2d DCA 2022).

Smitherman then filed a § 1983 action in this Court, seeking damages for unlawful entry, seizure, and search of a[1] home (Civil Counts 1-3); unlawful seizure of property (Civil Count 4); unlawful entry, seizure, and search (Civil Count 5) against Defendant Quaintance in his personal and supervisory capacity; civil conspiracy (Civil Count 6); false arrest and false imprisonment (Civil Counts 7 and 8) against Defendants Bates and Rodriguez; malicious prosecution (Civil Count 9); and intentional infliction

---

[1] Smitherman's Complaint mentions two homes. (Doc. #40, pp. 3-4.) First, the Cal Cove home, where Smitherman was arrested, and where a search was subsequently conducted. (Id.) Second, a home located at Duquesne Drive (the "Duquesne Drive home"), where police knocked on the door, asked some questions of the occupant, but did not enter, and where Smitherman later picked up a drug package that he carried to the Cal Cove home. (Id. at 3.) Smitherman's Complaint does not specify whether Civil Counts 1-5 apply to Defendants' conduct at one home, the other, or both. (Id. at 7.) Thus, the Court analyzed Defendants' conduct for potential Fourth Amendment violations at both homes. (Id.) And ultimately, the Court dismissed Civil Counts 1-5 in so far as they pertain to the Duquesne Drive home. (Id.)

of emotional distress (Civil Count 10). (Doc. #1, p. 5.)

Defendants moved to dismiss the § 1983 complaint. (Doc. #25.) They argued, *inter alia*, that nine of Smitherman's claims were time barred and that his tenth claim failed to state a claim for malicious prosecution. (Id. at 5-18.) This Court granted their motion in part and denied it in part. (Doc. #40.)

The Court found that the alleged facts did not support a claim of unlawful entry, search, or seizure at the Duquesne Drive home where Smitherman picked up a drug package. (Id. at 7) ("Plaintiff alleges that a woman answered the door, confirmed that plaintiff was a resident, and she accepted delivery [of the package]. Defendants did not enter the residence"). The Court also found that Smitherman could not state a claim for malicious prosecution because, while there were deficiencies with the underlying "search warrant," the "arrest warrant was supported by probable cause." (Id. at 14) (emphases removed).

After closely reviewing the alleged facts and record evidence pertaining to the entry, search, and seizure at the Cal Cove home, however, and Smitherman's subsequent arrest, charge, and conviction for the drugs found there, this Court concluded that "[P]laintiff's claims for unlawful entry, search, and seizure [at the Cal Cove home] are not time-barred" because they are subject to the deferred accrual rule of Heck v. Humphrey, 512 U.S. 477 (1994). (Id. at 7-8.) Defendants now seek reconsideration of

3

that determination.

## II.

### A. Motion for Reconsideration Principles

A non-final order may be revised at any time before the entry of a final judgment. Fed. R. Civ. P. 54(b). The decision to grant a motion for reconsideration is within the sound discretion of the trial court. Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). Typically, a motion for reconsideration may be granted if any of three circumstances are established: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Pritchard v. Fla. High Sch. Ath. Ass'n, No. 2:19-cv-94-FtM-29MRM, 2020 WL 3414988, at *1 (M.D. Fla. June 22, 2020) (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)). The motion must set forth facts or law of a "strongly convincing nature" to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1073 (M.D. Fla. 1993).

### B. Application of Reconsideration Principles

Defendants make two arguments in support of their motion. *First*, Defendants claim that this Court missed a threshold step in the accrual analysis. Specifically, they argue that § 1983 claims must first be analogized to common-law torts to determine when

4

they accrue. They argue further that a § 1983 claim rooted in illegal entry, search, and seizure is more analogous to the tort of trespass—which accrues immediately—rather than malicious prosecution—which may be subject to Heck's deferred accrual rule. *Second*, Defendants argue that this Court's rejection of Smitherman's malicious prosecution claim (Civil Count 9) forecloses any possibility that Heck's deferred accrual rule could apply to Civil Counts 1-5. Both arguments rest on a premise that § 1983 claims not analogous to the tort of malicious prosecution are categorically excluded from Heck's deferred accrual rule.

But that has not been the position of Eleventh Circuit cases interpreting and applying Heck and its progeny, Wallace v. Kato, 549 U.S. 384 (2007) and McDonough v. Smith, 588 U.S. 109 (2019). This Circuit disfavors a categorical approach that excludes all unlawful entry, search, and seizure claims from Heck's accrual bar, and instead employs a more nuanced, fact-based approach.

The Eleventh Circuit has repeatedly emphasized that the "determination is ultimately factual." Dyer v. Lee, 488 F.3d 876, 883 (11th Cir. 2007); Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003) ("In *this* case, the *circumstances* surrounding Hughes's convictions for burglary and receipt of stolen property are unknown *from the record*. It was impossible, therefore . . . to determine that a successful § 1983 action for unreasonable search and seizure *necessarily* implied the invalidity of those convictions.")

5

(emphases added). Thus, Eleventh Circuit precedent does not support Defendants' categorical approach.[2] Defendants cannot make a showing of "clear" error or "manifest" injustice to justify granting their motion for reconsideration.[3]

In Covington v. Smith, No. 21-12147, 2022 WL 4363310 (11th Cir. Sept. 21, 2022), the Eleventh Circuit acknowledged that a "claim for . . . illegal search and seizure at [a] home" *was* "potentially" "impact[ed]" by Heck. The challenged search in Covington uncovered drugs, namely marijuana, id. at *3, much like the challenged search at the Cal Cove home uncovered additional drugs, namely, oxymetholone, marijuana, and more phenethylamines. And again, like Smitherman, the defendant in Covington "was

---

[2] One case could arguably be read to provide faint support for Defendants' approach. See Datz v. Kilgore, 51 F.3d 252, 253 n.1 (11th Cir. 1995) ("Heck v. Humphrey . . . is no bar to Datz' civil action because, even if the pertinent search did violate the Federal Constitution, Datz' conviction might still be valid considering such doctrines as inevitable discovery, independent source, and harmless error."). However, Datz precedes Wallace by twelve years and McDonough by twenty-four. More importantly, Defendants have not argued that any of the evidentiary doctrines referenced in Datz would have validated Smitherman's convictions on Criminal Counts Two, Three and Four notwithstanding the unlawfulness of the search at the Cal Cove home. And at any rate, the state appellate court overturned Smitherman's convictions on those counts after determining that the search was unlawful, which suggests that those doctrines are inapplicable.

[3] Defendants have not argued that an "intervening change in controlling law" or "the availability of new evidence" support their motion. Thus, only a "strongly convincing" showing of "clear error" or resultant "manifest injustice" would support granting their motion.

6

convicted of [drug]-related charges for the drugs found during the challenged search." Id. The Eleventh Circuit thus concluded that "because . . . Mr. Covington's conviction [*seemed to have been*] based on the marijuana found at the home, a successful § 1983 claim might be 'logically contradictory' with the conviction," and so it was "possible" that Heck applied. Id. (citing Dyer, 488 F.3d at 884).

Here, unlike Covington, it is undisputed that Smitherman was charged with and convicted on separate counts for each of the additional drugs found during the challenged search. (Doc. #40, p. 4.) Thus—even more so than in Covington—a civil determination that Smitherman's Fourth Amendment rights were violated would have "logically contradict[ed]" the adjudication of his criminal culpability under Criminal Counts Two, Three, and Four. And it is at least equally appropriate to apply Heck's deferred accrual rule here.[4]

Therefore, Defendants have not made a "strongly convincing"

---

[4] Defendants cite Villalona v. Holiday Inn Express & Suites, 824 F. App'x 942 (11th Cir. 2020), but nothing indicates that the hotel room search in Villanova turned up any contraband. 824 F. App'x at 946; see also No. 19-60858-CIV-MORENO, 2019 WL 3980738, at *2. Defendants also cite Hayward v. Lee Cnty. Sheriff's Off., No. 2:14-CV-244-FtM-29MRM, 2017 WL 2834771 (M.D. Fla. June 30, 2017), but there too, the unlawful search of the vehicle yielded no contraband. 2017 WL 2834771, at *3 & n.4. Successful § 1983 claims based upon those *specific* unlawful searches in Villalona and Hayward would thus not have "logically contradict[ed]" the plaintiffs' later convictions, which were based upon other evidence, and so Heck's deferred accrual rule did not apply.

7

showing that "clear error" or "manifest injustice" would result if this Court denied their motion for reconsideration.

Accordingly, it is now

**ORDERED:**

1. Defendants Joshua Quaintance, James Bates, and Christopher Rodriguez ("Defendants")' Motion for Reconsideration (Doc. #41) is **DENIED**.

2. Defendants' Request for Oral Argument (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  11th  day of December 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record