```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                 FORT MYERS DIVISION
```

TERRANCE SMITHERMAN,

     Plaintiff,

v.                       Case No:  2:23-cv-1185-JES-NPM

JOSHUA QUAINTANCE,
Sergeant, ELIJAH COOK,
Special Agent, JAMES BATES,
Detective, and CHRISTOPHER
RODRIGUEZ, Detective,

     Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on LCSO Defendants' Motion for § 1292(b) Certification (Doc. #44) filed on December 19, 2024. No response has been filed by the *pro se* plaintiff, and the time to respond has expired.

The case is before the Court on Plaintiff's Complaint (Doc. # 1) alleging violations pursuant to 42 U.S.C. § 1983. Defendants filed a motion to dismiss (Doc. #25), which the Court denied in part after concluding that "[P]laintiff's claims for unlawful entry, search, and seizure [at the Cal Cove home] are not time-barred," because they fall under the deferred accrual rule of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). (Doc. #40, pp. 7-8.)

Defendants filed a motion for reconsideration (Doc. #41) of that order. The Court denied the motion for reconsideration after

concluding that Defendants had "not made a 'strongly convincing' showing that 'clear error' or 'manifest injustice' would result" if the motion were denied. (Doc. #43, pp. 7-8.) In relevant part, the Court rejected Defendants' "premise that § 1983 claims not analogous to the tort of malicious prosecution are categorically excluded from Heck's deferred accrual rule." (Id. at 5.) The Court stated that rejection was necessary because the Eleventh Circuit "disfavors a categorical approach that excludes all unlawful entry, search, and seizure claims from Heck's accrual bar" and has "repeatedly emphasized that the 'determination is ultimately factual.'" (Id. at 5-7) (collecting cases).

Defendants now seek a certification for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons given below, Defendants' motion is **DENIED**.

## I.[1]

### A. Section 1292(b) Certification Principles

Normally, a federal appellate court's jurisdiction is limited to review of "appeals from all final decisions of the district courts of the United States." In re Grand Jury Subpoena, FGJ-21-01-MIA, 58 F.4th 1232, 1233 (11th Cir. 2023)(quoting 28 U.S.C. §

---

[1] The allegations and procedural history of this case are detailed in the Court's order granting and denying in part Defendants' motion to dismiss (Doc. #40), and the Court's order denying Defendants' motion for reconsideration, (Doc. #44.) These are adopted but not repeated here.

1291). But in narrow circumstances, interlocutory appeals from non-final decisions are permitted under 28 U.S.C. § 1292(b). <u>McFarlin v. Conseco Servs., LLC</u>, 381 F.3d 1251, 1253 (11th Cir. 2004); 28 U.S.C. § 1292(b).

A Section 1292(b) certification for interlocutory appeal requires that: (1) the case presents a "controlling question of law"; (2) there is a "substantial ground for difference of opinion"; and (3) the appeal will "materially advance the ultimate termination of the litigation." <u>McFarlin</u>, 381 F. 3d at 1257; <u>Simpson v. Carolina Builders Corp.</u>, 222 F. App'x 924, 925 (11th Cir. 2007). "Most interlocutory orders do not meet this test." <u>OFS Fitel, LLC v. Epstein, Becker & Green, P.C.</u>, 549 F.3d 1344, 1359 (11th Cir. 2008). It is the applicant's burden to establish that it does. See <u>McFarlin</u>, 381 F. 3d at 1264. A Section 1292(b) certification "is wholly discretionary with both the district court and th[e Eleventh Circuit]." <u>OFS Fitel, LLC</u>, 549 F.3d at 1358.

**B. Application**

It is possible that certification could "materially advance the ultimate termination of the litigation." <u>McFarlin</u>, 381 F.3d at 1259. Plaintiff recently indicated that he "may voluntarily dismiss" Count 9 of his Complaint, but requested "more time to make that determination." (Doc. #50, p. 2.) If Count 9 were indeed dismissed, resolving the question of whether Counts 1 to 5

are time barred could indeed fully dispose of this case.  The Court is not satisfied, however, that this case presents a "controlling question of law" on which there is "substantial ground for difference of opinion."

Defendants' arguments for dismissal, reconsideration, and now, for Section 1292(b) certification rest on same flawed assumption that the methodology used in Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, Wallace v. Kato, 549 U.S. 384 (2007) and McDonough v. Smith, 588 U.S. 109 (2019), has binding precedential effect.  Indeed, Defendants seek to certify, *inter alia*, the following question:  "Can accrual of a § 1983 claim be determined by asking whether the claim would invalidate a conviction without first analogizing the claim to a common-law tort?"  (Doc. #44, p. 3).

The problem is that the notion of methodological *stare decisis* — with few exceptions[2] — has not been accepted.  Cabeda v. Att'y Gen. of United States, 971 F.3d 165, 171 (3d Cir. 2020) ("the Supreme Court 'typically avoids methodological stare decisis'" (quoting Am. Farm Bureau Fed'n v. U.S. E.P.A., 792 F.3d 281, 307 n.8 (3d Cir. 2015))); Cabeda, 971 F.3d at 171 ("the Supreme Court's

---

[2] One example is the now-discarded Chevron doctrine. Loper Bright Enterprises v. Raimondo, 603 U.S. 369, 412 (2024). Another example is the McDonnell-Douglas framework.  But the Eleventh Circuit's use of an alternate "convincing mosaic" approach further underscores the typical weakness of methodology as precedent. McCreight v. AuburnBank, 117 F.4th 1322, 1335 (11th Cir. 2024).

methodological statements 'are not binding on the Supreme Court or even on lower courts'" (quoting Frickey, Interpretive-Regime Change, 38 Loy. L.A. L. Rev. 1971, 1976 (2005))); Kisor v. Wilkie, 588 U.S. 558, 624, 139 S. Ct. 2400, 2444, 204 L. Ed. 2d 841 (2019) (Gorsuch, Thomas, Kavanaugh, JJ., concurring) ("we do not regard statements in our opinions about such generally applicable interpretive methods . . . as binding" (citing Criddle & Staszewski, Against Methodological Stare Decisis, 102 Geo. L. J. 1573, 1577, and n. 12 (2014))); Am. Farm Bureau, 792 F.3d at 307 n.8 ("federal courts do not treat interpretive methodology as a traditional form of 'law'" (quoting Criddle & Staszewski, at 1576)). The Court is not convinced that Defendants have identified a "question of law" that justifies certification. McFarlin, 381 F.3d at 1258 (quoting Ahrenholz v. Bd. of Trs. of the Univ. of Ill., 219 F.3d 674 (7th Cir. 2000)).

Even the language used by the Supreme Court suggests that the methodology Defendants are seeking is not binding. The Court in McDonough merely stated that "[a]ccrual questions are *often* decided by referring to the common-law principles governing analogous torts." McDonough v. Smith, 588 U.S. 109, 110 (2019) (emphasis added). Therefore, even if the Eleventh Circuit case of Hughes v. Lott and the Fourth Circuit case of Smith v. Travelpiece, 31 F.4th 878 (4th Cir. 2022) evince some differences in methodology, the Court is not persuaded that those variances give

- 5 -

rise to a circuit split on a point of law that justifies certification.[3]

Accordingly, it is now

**ORDERED:**

Defendants' Motion for § 1292(b) Certification (Doc. #44) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __31st__ day of March 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Parties of record

---

[3] Defendants acknowledge that there "does not appear to be a split at either the circuit or district court level" in the Eleventh Circuit. (Doc. #44, p. 6.) The Court does not disagree.